815 F.2d 1474
 Jessie ROPER, individually, Joe Roper, individually and Joe
Roper, as administrator of the estate of Tony
Roper, Plaintiffs-Appellants,
v.
Bobby EDWARDS, individually and d/b/a Forsyth Vault Company,
Defendants-Appellees.
 Nos. 86-8326, 86-8671
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 May 5, 1987.
 
 John P. Batson, Batson and Shurtleff, Augusta, Ga., for plaintiffs-appellants.
 Diane Q. House, Webb, Carlock, Copeland, Semler & Stair, Atlanta, Ga., for Edward.
 Edward H. Lindsey, Jr., McClure, Ramsay & Dickerson, Toccoa, Ga., for Cochran.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before HILL, VANCE and KRAVITCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants' son, Tony Roper, died while incarcerated in the county jail of Hart County, Georgia. The appellants made funeral arrangement with Joe Strickland, of Strickland Funeral Homes, purchasing a casket and a burial vault from Mr. Strickland. Mr. Strickland had obtained the vault from James Cochran, a supplier and installer of burial vaults. Cochran had purchased the burial vault from Edwards, the manufacturer.
 
 
 2
 According to the Ropers, approximately one year after their son's burial, they had his body exhumed for an autopsy, in order to obtain evidence for a civil rights action against the City of Hartwell and Hart County. When the burial vault was opened, some water was discovered inside it, which allegedly caused the contents of the vault to mildew.
 
 
 3
 After this discovery, Joe Roper contacted Bobby Edwards to complain. According to Joe Roper's deposition testimony, Edwards (who was white) allegedly told Roper that he had "sold Cochran some vaults to put some black people--some seconds to put some black people in." Cochran is black. The Ropers are white.
 
 
 4
 The Ropers then brought suit in federal court under 42 U.S.C. Secs. 1981 and 1982, alleging that Cochran and Edwards had conspired to sell defective vaults to black people, and that the Ropers were the unintended victims of their intentional discrimination. In addition to this conspiracy claim, the Ropers alleged individual discrimination on the part of both Cochran and Edwards, and appended to these federal claims a host of state law claims ranging from breach of contract to intentional infliction of emotional distress.
 
 
 5
 In evaluating the defendant's motions for summary judgment, the district court correctly noted that the fact that the Ropers are white did not bar them from bringing a federal civil rights action, citing McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). The Ropers stated a cognizable cause of action under Trafficante v. Metropolitan Life Insurance, 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972), alleging that they were unintentionally injured as the result of the defendant's discriminatory behavior towards others. However, the district court found that the Ropers' evidence did not present a genuine issue of material fact regarding Cochran's culpability. The only evidence offered by the Ropers against Cochran was the statement allegedly made by Edwards to Mr. Roper that Edwards sold seconds to Cochran. The district court found that this was insufficient to establish proof of discrimination, especially in light of Joe Roper's own deposition testimony indicating that, as far as he knew, Cochran was unaware that he might be selling seconds. Finding that the Ropers' claims against Cochran were deficient "because of a complete lack of supporting evidence," the district court granted summary judgment in favor of Cochran, dismissing all federal claims against him.
 
 
 6
 Based on the complete lack of evidence pointing to any discrimination on the part of Cochran, the district court also dismissed the conspiracy claim against Edwards, because it takes two to conspire. However, the district court denied Edwards' motion for summary judgment on the individual civil rights claim against him. The deposition testimony of Joe Roper and Joseph Strickland indicated that Edwards may have sold defective burial vaults to Cochran because Cochran was black. The district court noted that the Ropers had a right to purchase vaults from the supplier of their choice, and the right not to receive defective products due to the race of their supplier. Thus Edwards' actions may have indirectly injured the Ropers, giving them a claim under Trafficante.
 
 
 7
 Once the court had dismissed the federal claims against Cochran, it also dismissed the state claims against him, noting that Aldinger v. Howard, 427 U.S. 1, 17, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976), disallowed pendent party jurisdiction under 42 U.S.C. Sec. 1983. The district court found Aldinger's rationale equally applicable to 42 U.S.C. Secs. 1981 and 1982, because they share the same jurisdictional statute. Thus, once the substantive basis for subject matter jurisdiction over Cochran was eliminated, the court could not exercise pendent jurisdiction over the state claims against him.
 
 
 8
 The district court also deemed it inappropriate to exercise pendent jurisdiction over the state claims against Edwards. The court found that the state claims vastly outweighed the federal claim, and hence declined to exercise its discretion to retain the state claims. It therefore dismissed them without prejudice. However, in its order the court informed the parties that if the statute of limitations on the state claims had run, the court would "be open to a motion to reconsider its dismissal without prejudice of the state claims."
 
 
 9
 The court retained for trial the individual discrimination claim against Edwards, and a jury found in favor of Edwards. The district court then awarded Edwards costs, and awarded attorneys' fees to Cochran as a prevailing party defendant under 42 U.S.C. Sec. 1988, noting that the Ropers' claim against Cochran were frivolous, having no legal or factual basis.
 
 
 10
 On appeal, the Ropers do not challenge the jury verdict against Edwards, or the court's award of costs vis-a-vis Edwards. The appellants do challenge the district court's grant of summary judgment on the conspiracy claims against both Cochran and Edwards; the court's refusal to exercise pendent jurisdiction over the state claims against Cochran and Edwards; and the court's award of fees to Cochran.[1]
 
 
 11
 We agree that the conspiracy claim against both Cochran and Edwards was correctly dismissed. The appellants presented no evidence whatsoever that Edwards and Cochran conspired to sell defective vaults to black customers. There was no evidence demonstrating that Cochran even knew some of his vaults were supposedly defective. Moreover, Cochran knew the race of the Ropers when he installed the vault for them; and he generally sells 75% of his vaults to whites and 25% of his vaults to blacks. This same lack of evidence supports the district court's dismissal of the individual civil rights claim against Cochran. There was no evidence to indicate that Cochran knew the Ropers' vault was defective, or that he intentionally sold a defective vault to them on account of their race.
 
 
 12
 In light of this disposition, the district court correctly dismissed the remaining state claims against Cochran. Under Aldinger, pendent party jurisdiction is inappropriate in civil rights cases. Once the federal grounds for keeping Cochran in federal court had been dismissed, the state claims against him could no longer be heard by the federal court.
 
 
 13
 Nor do we find an abuse of discretion in the court's decision to dismiss the state claims against Edwards. Under United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a federal court may, in its discretion, exercise pendent jurisdiction of state claims if they arise out of the same nucleus of operative facts and are of such a nature that a plaintiff would be expected to try them all in the same proceedings. See Shahawy v. Harrison, 778 F.2d 636 (11th Cir.1985). Here, the plaintiff presented one viable federal claim, and seven counts under Georgia law. The state claims alleged against Edwards were totally distinct from the civil rights claims and contained divergent legal theories and very different measures of proof. The district court did not abuse its discretion in refusing to allow the state claims a federal forum.
 
 
 14
 We have held that it is an abuse of discretion for a federal court to dismiss pendent state claims where no viable state forum exists at the time of dismissal. See L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414 (11th Cir.1984). The appellants insist that such an abuse of discretion occurred in this case. However, here the district court invited the appellants to move for reconsideration if the dismissal of their state claims presented a statute of limitations problem. Evidently the appellants did not avail themselves of this opportunity to preserve their state claims. Furthermore, the appellants could have moved the court to certify the dismissal of the state claims against Cochran as a final order under Fed.R.Civ.P. 54(b), thus expediting review. They did not choose to do so.
 
 
 15
 While normally this court will preserve a federal forum for pendent state claims in the absence of a viable state forum, we will not do so where the parties whose claims were jeopardized blatantly refused to take advantage of the appropriate procedures which would have enabled them to preserve and pursue such claims. In these circumstances, the court's dismissal of the Ropers' state claims was not an abuse of discretion.
 
 
 16
 Finally, the appellants appeal the award of attorney's fees to Cochran, contending that their claims were not frivolous. In Christiansburg Garment Company v. The E.E.O.C., 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court held that a prevailing defendant in a Title VII action may be awarded attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or "that the plaintiff continued to litigate after it clearly became so." Id. at 421, 422, 98 S.Ct. at 700, 701.
 
 
 17
 In this case, the district court correctly concluded that the Christiansburg standard had been met. The appellants provided absolutely no evidentiary foundation for their contention that Cochran conspired with Edwards to sell defective burial vaults to blacks and that the Ropers were indirectly injured because of this conspiracy, or that Cochran sold the Ropers a defective vault because they are white, or because he thought they were black. With this total absence of credible evidence to support their claims, the Ropers' action was frivolous, and the court's award of fees to Cochran was clearly justified.
 
 
 18
 On all counts the decision of the district court is
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 At the district court level the Ropers challenged the court's award of costs to Edwards, and also challenged the district court's failure to consider the Ropers' financial status before awarding attorney's fees to Cochran, as suggested in Durkett v. Jenkins Brickyard, 678 F.2d 911 (11th Cir.1982). Appellants have not pursued either argument on appeal