Inez GIVENS, et al., Plaintiffs,

v.

**DELTA ELECTRIC POWER ASSOCIATION, et al., Defendants.**

No. GC83–171–B–O.

United States District Court, N.D. Mississippi, Greenville Division.

Aug. 22, 1988.

Solomon C. Osborne and Willie Perkins, Greenwood, Miss., Leonard McClellan, Oxford, Miss., for plaintiffs.

Kenneth E. Milam and W. Thomas Siler, Jr., Joe H. Daniel and Thomas H. Suttle, Jr., Jackson, Miss., Hardy Lott, Greenwood, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

The court has before it the defendant's motion for sanctions and attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, 42 U.S.C. § 1988 and 42 U.S.C. § 2996e(f). Having considered the parties' memoranda, exhibits and the history of this action, the court is in a position to rule on the merits.

### I.

In June, 1983, attorneys for North Mississippi Rural Legal Services filed this action against Delta Electric Power Association, its board of directors and officers, the Director of the Rural Electrification Administration and the Secretary of Agriculture alleging claims based upon:

(1) 42 U.S.C. § 1981;

(2) 42 U.S.C. § 1985;

(3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.;*

(4) the 1965 Voting Rights Act, 42 U.S.C. § 1971, *et seq.;*

(5) the Rural Electrification Act, 7 U.S.C. § 901, *et seq.;*

(6) the Thirteenth Amendment to the United States Constitution;

(7) the Fourteenth Amendment to the United States Constitution;

(8) the Fifteenth Amendment to the United States Constitution;

(9) Miss.Code Ann. § 11–39–1, *et seq.;*

(10) Miss.Code Ann. § 77–5–201, *et seq.;* and

(11) Mississippi Common Law.

The plaintiffs never served the Director of the Rural Electrification Administration and the Secretary of Agriculture; consequently, they did not become parties to this suit.

After the defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiffs confessed that its Thirteenth Amendment, Fourteenth Amendment, Fifteenth Amendment, Voting Rights, 42 U.S.C. § 1971 and 42 U.S.C. § 1985(3) claims were meritless and the court dismissed these claims with prejudice. The court also dismissed the plaintiffs' claims for employment discrimination because none of the plaintiffs had applied for jobs or been employed by the defendant.

Subsequently, the defendant filed a motion for summary judgment to dismiss the remainder of the plaintiffs' claims. In a published opinion, the court dismissed the claim that blacks had received less service from Delta Electric and dismissed the claim that Delta Electric had discriminated in the use of federal funds it received. *See Givens v. Delta Electric,* 572 F.Supp. 555 (N.D.Miss.1983).

The only remaining claim left for trial was the allegation that Delta Electric did not permit blacks to exercise any membership rights in the cooperative. At trial, the plaintiffs presented insufficient evidence to prove this claim, and as a result the court dismissed the suit. After trial, the defendant made the instant motion for sanctions and attorney's fees and the court stayed resolution of the motion pending the final decision in *Thomas v. Capital Security Services,* 836 F.2d 866 (5th Cir.1988).

### II.

The plaintiff filed this suit before Rule 11 was amended to evaluate an attorney's

actions by an objective standard. Before Rule 11 was changed in 1983, an attorney's subjective good faith protected him from sanctions. *Thomas v. Capital Security Services,* 836 F.2d at 873. "In essence, an honest ... attorney would be immune from Rule 11 sanctions.... The revised Rule 11 changes the standard used to test a pleading for frivolousness." *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1126–1127 (5th Cir.1987). Like the amended Rule 11, 28 U.S.C. § 1927 and 42 U.S.C. § 1988, utilizes an objective standard to evaluate an attorney's acts. *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 420–22, 98 S.Ct. 694, 699–701, 54 L.Ed.2d 648, 656–657 (1978). While Rule 11 provides a penalty for an attorney's transgressions, 28 U.S.C. § 1927 and 42 U.S.C. § 1988 can serve as a fee-shifting mechanism to compensate defendants for the costs incurred defending groundless claims and vexatious suits.

"[T]he term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. In sum, a district court may award attorney's fees to a prevailing defendant based upon a finding that the plaintiff's claim ... was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith...." *Christianburg Garment Co.,* at 421, 422, 98 S.Ct. at 700, 701, 54 L.Ed.2d at 656, 657. "[P]arties are not required by Rule 11 to voluntarily dismiss their claims once they decide not to pursue their claims," *Thomas v. Capital Security Services,* 836 F.2d at 874 n. 9, but a plaintiff may be assessed his opponent's attorney's fees, pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 1988 when he litigates a frivolous claim "after it clearly became so." *Christianburg Garment Co. v. EEOC,* 434 U.S. at 422, 98 S.Ct. at 701, 54 L.Ed.2d at 657; *see also Thomas v. Capital Security Services,* 836 F.2d at 875.

A frivolous claim has "absolutely no evidentiary foundation" with a "total absence of credible evidence to support ... [it]." *Roper v. Edwards,* 815 F.2d 1474, 1478 (11th Cir.1987). "[E]ven when the law or the facts appears [sic] questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *White v. South Park Independent School District,* 693 F.2d 1163, 1170 (5th Cir.1982). When a plaintiff presents some credible evidence to prove his claim, the plaintiff has shown his case has colorable merit; consequently, the defendant is not entitled to attorney's fees. *Vaughner v. Pulito,* 804 F.2d 873, 878 (5th Cir.1986).

### III.

In their complaint, the plaintiffs asserted claims of discrimination based upon the Thirteenth, Fourteenth and Fifteenth Amendments to the United States Constitution, 42 U.S.C. § 1971, and the 1965 Voting Rights Act. The Thirteenth Amendment prohibits involuntary servitude, the Fourteenth Amendment ensures due process and equal protection, the Fifteenth Amendment provides for universal male suffrage, and 42 U.S.C. § 1985 creates civil liability for conspiracies which deprive a plaintiff of his constitutional rights.

The plaintiffs' Thirteenth Amendment claims had no conceivable evidentiary foundation. The plaintiffs' Fifteenth Amendment and voting rights claims were equally frivolous. Delta Electric is a private corporation and its corporate elections were limited to the cooperative's members. Thus, Delta Electric could not deprive the plaintiffs of their right to vote in public elections. These statutes bear no relation to the facts alleged in the plaintiffs' complaint. Obviously, the plaintiffs' attorneys did not even glance at these amendments before pleading them. The vexatious approach the plaintiffs' attorneys took in this case is further demonstrated by their assertion of a Fourteenth Amendment claim. Delta Electric is a private corporation, which cannot be liable for a constitutional deprivation unless Delta Electric utilized some "state action" to deprive the plaintiffs of their constitutional rights. The plaintiffs acknowledged that Delta Electric was a private corporation in their complaint and failed to allege any state action. Their knowledge refutes the plaintiffs' attorneys' assertion of good faith.

Similarly, the plaintiffs' allegation of a conspiracy to violate the plaintiffs' civil rights as proscribed by 42 U.S.C. § 1985 had absolutely no foundation. First, the plaintiff complained of a deprivation not of their civil rights but of their corporate membership rights arising out of Delta Electric's by-laws. Second, Delta Electric could not conspire with itself. Thus, the plaintiffs' assertion of a deprivation of private contractual right by a single corporation was an implausible claim under 42 U.S.C. § 1985.

The fact that the plaintiffs did not oppose the defendant's motion to dismiss is of no moment. The plaintiffs' attorneys took a shotgun approach which unreasonably expanded this proceeding and forced the defendant to incur excess attorney's fees. 28 U.S.C. § 1927 proscribes such action. Each of the aforementioned claims were dismissed because none had any conceivable factual or legal basis. Having vexatiously multiplied this suit, the plaintiffs' attorneys are liable to Delta Electric for attorney's fees it incurred in filing its Rule 12(b)(6) motion to dismiss these claims.

When the court considered the defendant's motion for partial summary judgment, it became evident that the plaintiffs' attorneys had no colorable claim for discrimination in the electrical service Delta provided its members. In an attempt to establish a claim, several of the plaintiffs, including one of their attorneys, refused to pay their electric bills for more than two months. Accordingly, Delta Electric cut off their power pursuant to its stated policy. The plaintiffs claimed that Delta Electric cut off a black member's electric service for nonpayment of bills before it cut off a white member's service. The plaintiffs, however, could not point to anyone who received different treatment and could not point out how Delta Electric's action differed with its stated policy. *See Givens v. Delta Electric Power Ass'n*, 572 F.Supp. at 557–559.

The plaintiffs also claimed that predominantly black neighborhoods received less favorable street light service by Delta Electric than predominantly white neighborhoods, when in fact predominantly black neighborhoods received better treatment. The plaintiffs' attorneys made these allegations ignorant of the method of payment for street light service and merely speculated that Delta Electric treated black neighborhoods differently. *See Givens*, 572 F.Supp. at 559–560. Similarly, the plaintiffs' attorneys relied on conjecture when they plead their Title VI claim because they could not point to any relationship between the federal funding Delta Electric received and the discrimination the plaintiffs claimed. Only the plaintiffs' 42 U.S.C. § 1981 claim had any arguable legal merit; however, at trial the plaintiffs presented insufficient evidence to establish Delta Electric limited the exercise of blacks' membership rights in the cooperative. Consequently, no claim the plaintiffs asserted had any factual basis.

The vexatious nature of the plaintiffs' allegations was further demonstrated by their listing 101 exhibits and 99 witnesses in the pretrial order, but only admitting 39 exhibits and using the testimony of fewer than 12 witnesses. This unnecessarily increased the defendant's litigation costs.

The plaintiffs did not bring these claims as a novel approach to the federal civil rights laws. Except for the plaintiffs' 42 U.S.C. § 1981 claim, this suit has no relationship to the civil rights statutes alleged in the complaint. Even though the defendant periodically reminded the plaintiffs' attorneys that their claims were frivolous and advised them that Delta Electric would seek attorney's fees and sanctions at the conclusion of the case, the plaintiffs refused to withdraw these claims which were patently frivolous and unfounded from the day of filing with the court.

Even though Rule 11 sanctions appear appropriate in this case, sanctions are subsumed by the award of attorney's fees assessed against North Mississippi Rural Legal Services as authorized by 28 U.S.C. § 1927, 42 U.S.C. § 1988, and 42 U.S.C. § 2996e(f).

North Mississippi Rural Legal Services will be assessed the attorney's fees that Delta Electric Power Association incurred

in filing its Rule 12(b)(6) motion to dismiss, its Rule 56(b) motion for summary judgment and the excess fees incurred in discovery required by the plaintiffs' excessive list of witnesses and exhibits in the pretrial order. The defendant, Delta Electric, will make proof of its attorney's·fees incurred consistent with this opinion and guided by the Fifth Circuit's direction in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) within fifteen days of the entry of the opinion. Within ten days after receipt of the defendant's submission, the plaintiffs' attorneys will file any objection they deem appropriate.

An order in accordance with this memorandum opinion will issue.

## ORDER

In accordance with the memorandum opinion issued this day, it is ORDERED:

(1) That the defendant's motion for sanctions and attorney's fees is hereby GRANTED;

(2) That North Mississippi Rural Legal Services is hereby ASSESSED with the defendant's costs and attorney's fees incurred in filing its Rule 12(b)(6) motion to dismiss, it's Rule 56(b) motion for summary judgment and the excess fees it incurred in discovery required by the plaintiffs' excessive list of witnesses and exhibits in the pretrial order;

(3) That the attorneys for Delta Electric Power Association will submit their costs and attorney's fees to the court within fifteen days after entry of this order. The submission shall contain attorneys' time sheets and affidavits from other attorneys, indicating the value of each attorney's hourly rate in relation to the prevailing market rate;

(4) That the plaintiffs' attorneys may file a response to the submission within ten days after receipt of the defendant's submission; and

(5) That the motion to assess sanctions and attorney's fees personally against the named plaintiffs and their attorneys is hereby DENIED.