Robert D. HAMM, Alice Hamm, William
H. Williams, and Kathryn Williams,
Plaintiffs–Appellees, Cross–Appellants,

v.

Sheriff James A. POWELL,
etc., Defendant,

Dennis Norred, individually and in his
capacity as Sheriff Deputy of Santa
Rosa County, Florida, Bruce Johnson,
individually and in his capacity as
Sheriff Deputy of Santa Rosa County,
Florida, Defendants–Appellants, Cross–
Appellees.

No. 88–3166.

United States Court of Appeals,
Eleventh Circuit.

Jan. 29, 1990.

Julis F. Parker, Jr., Jennifer Parker La-Via, Parker Skelding McVoy Labasky, Tallahasee, Fla., for appellant.

Ted A. Stokes, Milton, Fla., James A. Johnston, Pensacola, Fla., James F. McKay, Baton Rouge, La., David Paul Horan, Key West, Fla., for appellee.

by designation.

PETITION FOR REHEARING

Before ANDERSON, Circuit Judge, HILL and ESCHBACH **, Senior Circuit Judges.

HILL, Senior Circuit Judge:

Plaintiffs petition for a rehearing in this matter, and suggest a rehearing en banc of this court's opinion in *Hamm v. Powell*, 874 F.2d 766 (11th Cir.1989). We grant the petition for rehearing. Since the original arguments in this case, the Supreme Court has decided *Graham v. Connor*, — U.S. —, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1985), a case which has a major impact upon the issues, and our analysis of, this case.

Under *Graham*, the Supreme Court made clear that in arrest cases of this sort, courts must analyze claims of wrongful arrest *and* force "under the Fourth Amendment's 'objective reasonableness' standard." *Graham*, 109 S.Ct. at 1867. Thus, *Graham* has made our discussion in *Hamm* of substantive due process under the Fifth and Fourteenth Amendments unnecessary.

In *Hamm*, we correctly analyzed the qualified immunity of the defendants, and found them immune from the claims asserted in that case. The parties to that appeal did not argue the issue of official immunity to this court. The appellants merely stated that official immunity protected them; the appellees made no response. Although we have requested counsel to address that issue in supplemental briefs, we now conclude that we need not reach that issue at all.

We have held, and do hold, that qualified immunity protects the defendants in this matter. That is all the immunity they need.

We now strike that part of the opinion discussing the defendant's official immunity. We strike as well so much of the opinion that analyzed the plaintiffs' claims under the framework governed by Fifth and Fourteenth Amendment substantive due process. We now hold that the force the defendants used to effect the arrest was reasonable under the Fourth Amendment. With these qualifications in mind, we reinstate our original opinion.

The judgment of the district court is REVERSED.

Except to the extent herein granted, the petition for rehearing is denied and, no judge in regular active service on the court having requested that the court be polled on rehearing in banc, the suggestion for rehearing in banc is DENIED.