5 F.3d 1431
 Willie T. EDWARDS, as Personal Representative of the Estate
of Dustin Wade Molbert, on behalf of the Estate
and on behalf of the Survivor, Willie T.
Edwards, Plaintiffs-Appellants,
v.
OKALOOSA COUNTY, Defendant,
Larry Gilbert, Individually and in his Official Capacity as
Sheriff of Okaloosa County and Leon Blackshear,
Defendants-Appellees.
 No. 92-2476.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 3, 1993.
 
 Randall C. Berg, Jr., Peter M. Siegel, Florida Justice Institute, Inc., Miami, FL, for plaintiffs-appellants.
 Julius F. Parker, Jr., Tallahassee, FL, for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Florida.
 Before COX and BIRCH, Circuit Judges, and SMITH*, Senior Circuit Judge.
 PER CURIAM:
 
 FACTS AND PROCEDURAL HISTORY
 
 1
 Dustin Wade Molbert committed suicide in October 1986, while an inmate in the Okaloosa County, Florida jail. In November 1987, Willie T. Edwards filed suit on behalf of Molbert's estate and as Molbert's survivor against Larry Gilbert, individually and in his official capacity as Sheriff of Okaloosa County, and Leon Blackshear, a corrections officer, individually. Count I of the complaint alleges a 42 U.S.C. Sec. 1983 claim for violation of Molbert's rights through deliberate indifference to his special needs as a juvenile in an adult jail. Count II is a pendent state law wrongful death claim. The facts underlying this case are set forth in this court's earlier opinion in this case. Edwards v. Gilbert, 867 F.2d 1271, 1272-73 (11th Cir.1989).
 
 
 2
 In our earlier opinion, we concluded that the individual defendants were entitled to qualified immunity on Edwards's federal claim and remanded the case to the district court for the entry of summary judgment in favor of the defendants in their individual capacities. The district court stayed the case pending decisions from this court concerning the status of Florida sheriffs as state officials in Hamm v. Powell, 874 F.2d 766 (11th Cir.1989), modified, 893 F.2d 293 (11th Cir.), cert. denied, 496 U.S. 938, 110 S.Ct. 3218, 110 L.Ed.2d 665 (1990), and Hufford v. Rodgers, 912 F.2d 1338 (11th Cir.1990), cert. denied, 499 U.S. 921, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991). The district court lifted its stay in February 1991, after Hufford concluded that Florida sheriffs were county officials not entitled to immunity under the Eleventh Amendment. The court then addressed summary judgment motions filed by the defendants.
 
 
 3
 The district court entered summary judgment in favor of the individual defendants consistent with this court's earlier decision. Finding the record devoid of any actual or constructive notice to the defendants of suicidal tendencies on the part of Molbert, the district court also granted summary judgment in favor of Gilbert in his official capacity. The court then dismissed Count II of Edwards's complaint, the pendent state law wrongful death claim, without prejudice.
 
 
 4
 Edwards subsequently filed a timely motion for relief from judgment with regard to the dismissal of her pendent state claim because the two-year Florida statute of limitations for wrongful death actions had run, barring assertion of her claim in state court. Edwards asked the court to retain jurisdiction unless Gilbert agreed to waive the statute of limitations defense. In denying Edwards's motion, the court acknowledged the effect of dismissal but concluded that it no longer had jurisdiction. Edwards appeals.
 
 
 5
 Edwards raises two issues on this appeal. First, she argues that the district court improperly granted summary judgment. We find this argument without merit and affirm pursuant to 11th Cir.Rule 36-1 as to this issue. Second, Edwards argues that the district court improperly dismissed the pendent state law claim at a time when the statute of limitations would bar its assertion in state court. Finding that argument meritorious, we reverse.CONTENTIONS OF THE PARTIES AND STANDARDS OF REVIEW
 
 
 6
 Edwards asserts that it was an abuse of discretion to dismiss her pendent state law claim when the state statute of limitations would bar filing in state court. Gilbert counters that a district court may retain jurisdiction in such a situation, but does not abuse its discretion by failing to do so. Moreover, Gilbert contends that Edwards was not prejudiced because the district court could have entered summary judgment on Edwards's state claim.
 
 
 7
 We review the district court's dismissal of Edwards's pendent claim for an abuse of discretion. L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 420 (11th Cir.1984).
 
 DISCUSSION
 
 8
 First, we note that this case was filed over three years prior to the enactment of the Judicial Improvements Act of 1990, Pub.L. No. 101-650, 104 Stat. 5113. Thus 28 U.S.C. Sec. 1367 (Supp. III 1991), codifying "supplemental" jurisdiction, does not apply to this case.[1] Here we apply common law pendent claim jurisdiction as it existed prior to the Judicial Improvements Act of 1990.
 
 
 9
 An analysis of modern common law pendent jurisdiction doctrine begins with United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Under Gibbs, it is within the district court's discretion to exercise pendent jurisdiction over state law claims if the court has jurisdiction over a substantial federal claim and the federal and state claims "arise out of the same nucleus of operative facts and are of such a nature that a plaintiff would be expected to try them all in the same proceedings." Roper v. Edwards, 815 F.2d 1474, 1477 (11th Cir.1987); see L.A. Draper & Son, 735 F.2d at 427. However, Gibbs also "emphasized that 'pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.' " Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (quoting Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139). Gibbs lists four factors a district court should consider in exercising discretionary pendent jurisdiction: judicial economy, convenience, fairness, and comity. 383 U.S. at 726-27, 86 S.Ct. at 1139; Carnegie-Mellon, 484 U.S. at 350, 108 S.Ct. at 619.
 
 
 10
 According to Gibbs, state claims should ordinarily be dismissed if all federal claims are eliminated before trial. 383 U.S. at 726, 86 S.Ct. at 1139. However, the Supreme Court has also noted that this is not a mandatory requirement; it is simply a recognition that when all federal claims are eliminated before trial, the Gibbs factors will ordinarily point toward dismissing the state claims as well. Carnegie-Mellon, 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7. In thus qualifying Gibbs, the Supreme Court has emphasized that it is the balance of the Gibbs factors that should guide the district court's discretion in all cases, and at times those factors may indicate that the district court should retain jurisdiction over the pendent state claims despite the elimination of all federal claims before trial.
 
 
 11
 The running of a state statute of limitations is an important factor for the district court to consider when deciding whether to dismiss a pendent claim. Newman v. Burgin, 930 F.2d 955, 963 (1st Cir.1991) (expiration of state limitations period an important factor); Notrica v. Board of Supervisors, 925 F.2d 1211, 1214-15 (9th Cir.1991) (statute of limitations "relevant, though not determinative"); Federman v. Empire Fire & Marine Ins. Co., 597 F.2d 798, 809 (2d Cir.1979) (district court correct to consider probability of prejudice from possible expiration of limitations period); O'Brien v. Continental Ill. Nat'l Bank & Trust Co., 593 F.2d 54, 64-65 (7th Cir.1979) (pendent claim should not be barred by state statute of limitations when plaintiff pursued federal claim in good faith). See generally 3A James W. Moore et al., Moore's Federal Practice p 18.02[4.-2], at 1834 & n. 28 (2d ed. 1993); 13B Charles A. Wright et al., Federal Practice and Procedure Sec. 3567.1, at 127-32 & n. 17 (2d ed. 1984).
 
 
 12
 In applying the balancing test from Gibbs, the former Fifth Circuit noted that the running of a state statute of limitations is "a factor, if not a determinative factor, a district court should consider in deciding whether" to dismiss pendent state claims. Pharo v. Smith, 625 F.2d 1226, 1227 (5th Cir.1980);[2] Ransom v. S & S Food Ctr., Inc., 700 F.2d 670, 678 (11th Cir.1983). Therefore, "a federal court may retain pendent jurisdiction over a state claim which is barred by the state period of limitations, even though all federal claims have been dismissed...." Stein v. Reynolds Sec., Inc., 667 F.2d 33, 34 (11th Cir.1982).
 
 
 13
 In L.A. Draper & Son, we suggested that "[i]f the statute of limitations had run on [plaintiff]'s state claims while the action in federal court was pending, previous decisions of this court strongly indicate that dismissal of the state claims would be an abuse of discretion." 735 F.2d at 428. This will not always be so, however, because the statute of limitations bar is "not the only consideration," Quality Foods v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 1000 (11th Cir.1983), and this court will not exercise pendent jurisdiction "where the parties whose claims were jeopardized blatantly refused to take advantage of the appropriate procedures which would have enabled them to preserve and pursue their claims." Roper v. Edwards, 815 F.2d 1474, 1478 (11th Cir.1987).
 
 
 14
 In the instant case, the district court dismissed Edwards's pendent state claim without weighing the Gibbs factors--judicial economy, convenience, fairness, and comity. The court simply concluded that it no longer had jurisdiction. This is incorrect, for even after it granted Gilbert summary judgment on the federal claim, the district court retained the discretionary power to exercise pendent jurisdiction. Stein, 667 F.2d at 34; see Carnegie-Mellon, 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7.
 
 
 15
 The Florida statute of limitations for Edwards's pendent wrongful death claim expired on October 11, 1988, two years after Molbert's death. Fla.Stat. Sec. 95.11(4)(d) (Supp.1992); Walker v. Beech Aircraft Corp., 320 So.2d 418 (Fla. 3d DCA 1975), cert. dismissed, 338 So.2d 843 (Fla.1976). Thus, the statute had run even before our earlier opinion in this case was issued. This case had been pending over four years when the district court granted summary judgment and dismissed the pendent wrongful death claim, but nothing in the record suggests that Edwards caused this delay.
 
 
 16
 Gilbert argues that Edwards should have filed in state as well as federal court to toll the state statute of limitations. Presumably, her failure to do so could be analogous to the situation in Roper, where the plaintiffs refused to use the proper procedures to preserve their claims. 815 F.2d at 1478. The situation in Roper differs materially from the case at bar, however.
 
 
 17
 In Roper, the district court invited the plaintiffs to move for reconsideration of dismissal of their pendent state claims if "dismissal of their state claims presented a statute of limitations problem." 815 F.2d at 1478. The Roper plaintiffs never moved for reconsideration, and this court refused to save them from their own neglect. Nothing in Roper is contrary to the Gibbs policy of promoting judicial economy and convenience to the parties, however, because Roper does not require duplicative state and federal proceedings. Roper merely requires proper adherence to judicial procedures.
 
 
 18
 In the instant case, on the other hand, Gilbert would have us require a plaintiff with pendent state law claims to file in both federal and state court any time he is unsure of the chances for success on the federal claims. This would encourage duplicative filing, cause unnecessary expense, and further crowd court dockets. State courts could hold cases on their dockets for years awaiting the outcome of litigation in federal court. Requiring a plaintiff to file in both state and federal court would only undermine Gibbs' purpose of promoting judicial economy, convenience and comity.
 
 
 19
 Fairness considerations counsel against dismissing a plaintiff's pendent claim when the state statute of limitations has run during the federal litigation and there is no waiver from the defendant to preserve the claim.[3] Here, the balance of factors to be considered under Gibbs points toward retaining jurisdiction. The district court's order articulates no reason justifying dismissal, and none is apparent from the record. We hold that it was an abuse of discretion to dismiss the pendent wrongful death claim under these circumstances.
 
 
 20
 Finally, Gilbert asserts that the district court could have entered summary judgment in his favor on Edwards's pendent state law claim. We decline to reach that question because the district court did not consider that issue in its summary judgment order, and leave it for the district court to consider on remand. See Strength v. Hubert, 854 F.2d 421, 426 (11th Cir.1988) (declining to reach issue not addressed by district court and leaving for district court's consideration on remand).
 
 CONCLUSION
 
 21
 The district court's entry of summary judgment on the federal claim is affirmed. The dismissal of the pendent state law claim is reversed.
 
 
 22
 AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 
 *
 Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 Pub.L. No. 101-650, Sec. 310(c), 104 Stat. at 5114. If 28 U.S.C. Sec. 1367 were applicable to this case, subsection (d) would appear to toll the Florida statute of limitations, preserving Edwards' pendent wrongful death claim. See Winn v. North Am. Philips Corp., 826 F.Supp. 1424, 1427 n. 3 (S.D.Fla.1993); David D. Siegel, Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act, 133 F.R.D. 61, 68 (1991)
 
 
 [2]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981
 
 
 [3]
 When considering dismissal of pendent claims after a state statute of limitations has run, district courts commonly require the defendants to file a waiver of the statute of limitations defense as a condition of dismissal. See Financial Gen. Bankshares, Inc. v. Metzger, 680 F.2d 768, 778 (D.C.Cir.1982); Dimas v. County of Quay, 730 F.Supp. 373, 380 (D.N.M.1990)