**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-1866**

———————

MESFIN KETEMA,

Plaintiff - Appellant,

versus

MIDWEST STAMPING, INCORPORATED,

Defendant - Appellee,

and

TERRY JUDY; TEDD BALDWIN; CYNTHIA THOMPSON;
KIMDRA BELSER,

Defendants.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Joseph F. Anderson, Jr., Chief
District Judge.  (CA-02-502-JFA)

———————

Submitted:  April 19, 2006                    Decided:  May 12, 2006

———————

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

———————

Mesfin Ketema, Appellant Pro Se. Derwood Lorraine Aydlette, III, Christina Marie Summer, GIGNILLIAT, SAVITZ & BETTIS, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mesfin Ketema appeals from the district court's grant of summary judgment on his federal employment discrimination claims and dismissal without prejudice of his state breach of contract, libel, and slander claims. On appeal, Ketema, who is black and of Ethiopian descent, also asserts that the district court failed to consider his claim that he was paid less than comparable white managers. We have reviewed the voluminous record and the arguments of the parties, and we affirm the dismissal of Ketema's federal claims for the reasons stated by the district court. See Ketema v. Midwest Stamping, No. CA-02-502-JFA (D.S.C., filed July 26, 2005, entered July 27, 2005). In addition, we conclude that Ketema's purported evidence is insufficient to establish a prima facie case of disparate treatment with regard to pay, because Ketema has failed to show that any of his proposed comparators were similarly situated.

Ketema also challenges the dismissal without prejudice of his state law claims under 28 U.S.C. § 1367 (2000). Once the district court dismissed the federal claims against Defendants, the court had the authority to retain jurisdiction over the state law claims that were closely related to the original claims. 28 U.S.C. § 1367(a). However, the district court also had the discretion to decline to exercise supplemental jurisdiction over claims outside its original jurisdiction. 28 U.S.C. § 1367(c)(3). We have

- 3 -

recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). In exercising that discretion, the district court should consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." Semple v. City of Moundsville, 195 F.3d 708, 714 (4th Cir. 1999). In addition, the dismissal may be an abuse of discretion where the state statute of limitations expired prior to dismissal of the anchor federal claim. Edwards v. Okaloosa County, 5 F.3d 1431, 1433-35 (11th Cir. 1993);[*] Joiner v. Diamond M Drilling Co, 677 F.2d 1035, 1043 (5th Cir. 1982).

Here, the litigants allege that, at the present time, there is complete diversity between the parties. Thus, any suit filed in state court would be removable and likely returned to the same district court. In addition, the lawsuit was filed over four years ago, discovery is complete, and refiling the suit would cause all parties to incur additional costs. Finally, Ketema's action would now be time-barred. See S.C. Code Ann. § 15-3-530(1) (2003) (three year statute of limitations for contract claims); S.C. Code

---

[*]Edwards notes that "district courts commonly require the defendants to file a waiver of the statute of limitations defense as a condition of dismissal." 5 F.3d at 1435 n.3. No waiver was filed in this case.

Ann. § 15-3-550(1) (2003) (two year statute of limitations for libel and slander claims).

We find that it would be a waste of judicial resources to require Ketema to refile a suit that has been pending for a lengthy period of time and has progressed through the discovery stage. In addition, any refiling would be fruitless, as the statute of limitations has run, and thus, Ketema would be prejudiced by dismissal. Accordingly, we conclude that the district court abused its discretion in declining to exercise supplemental jurisdiction over Ketema's state law claims.

Based on the foregoing, we affirm the grant of summary judgment on Ketema's federal claims, vacate the dismissal of his state claims, and remand for further proceedings. We deny Ketema's motion for en banc review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART