**Mary WINN, Plaintiff,**

v.

**NORTH AMERICAN PHILIPS CORP., et al., Defendants.**

No. 92–8785–CIV.

United States District Court,
S.D. Florida.

June 22, 1993.

Scott Rothstein, Michael Pancier, Kusnick & Rothstein, Plantation, FL, for plaintiff.

Thomas Gonzalez, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendants.

## ORDER

GONZALEZ, District Judge.

**THIS CAUSE** has come before the Court upon the defendants' motion to dismiss seven counts (Counts IV—X) of plaintiff's complaint.

The gravamen of plaintiff's complaint is that she was sexually harassed, not given equal pay, and then fired because of her age. Thus, she states causes of action under Title VII, the Civil Rights Act of 1991, the Equal Pay Act, and the ADEA. There are also seven pendent state claims which are the subject of this motion to dismiss. These include claims for negligent hiring, negligent supervision, negligent retention, negligent misrepresentation, promissory estoppel, intentional infliction of emotional distress, and tortious sexual harassment. The defendants have moved to dismiss either because the complaint fails to state a claim or because Florida law does not recognize the stated causes of action.

Pursuant to the reasoning set forth below, the defendants' motion to dismiss will be denied. The court, *sua sponte*, will dismiss these claims pursuant to 28 U.S.C. § 1367. Said dismissals will be without prejudice.

■ Formerly, under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the determination of pendent jurisdiction was a two part analysis. A court would first determine that it had the power to hear a given claim, then whether it should hear said claim. This test evolved into a three part analysis to determine (1) the existence of a substantial federal claim, (2) the relationship between the federal and state claims and whether they arose from a common nucleus of fact, and (3) whether the court should exercise its jurisdiction to resolve the state claims. *Nicol v. Imagematrix, Inc.*, 767 F.Supp. 744 (E.D.Va.1991). The third part of this test generally consisted of weighing factors such as judicial economy, convenience and fairness to the parties, whether state issues would predominate, and potential jury confusion.

■ 28 U.S.C. § 1367, enacted in 1990, outlines federal courts' supplemental jurisdiction over claims otherwise known as pendent or ancillary claims. The statute provides in pertinent part that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction ...

28 U.S.C. § 1367(c). This "new" test is not so different from the tests listed above. It seemingly incorporates issues of jury confusion and judicial economy previously discussed. Applying § 1367(c)(1) and (2), the court finds that supplemental jurisdiction should not be exercised in this case.

The defendants have filed comprehensive motions to dismiss which require a determination of whether causes of action exist under state law, or whether the complaint adequately states claims under state law. The counts for negligent hiring, negligent supervision, negligent retention, negligent misrepresentation, and promissory estoppel present claims which are separate and distinct from the underlying federal claims which confer jurisdiction here.

Under the "old" test, the court might simply find that the claims do not arise out of a common nucleus of facts. However, § 1367 now states that the court "shall have supplemental jurisdiction over all other claims that are so related ... that they form part of the same case or controversy ..." 28 U.S.C. § 1367(a). The court assumes for the purposes of this motion that these tests are not the same, and accordingly, will not rely on this provision to dismiss the above claims. Instead, the court relies on § 1367(c)(1) & (2) as the claims present both novel and complex questions of state law which would also pre-

dominate over the federal claims present here.

The above claims require completely different elements of proof than the federal claims. State law torts of negligent hiring, etc. encompass legal duties and standards of care which are wholly unrelated to the federal claims. These claims would tend to dominate this case and to obscure the importance of the underlying discrimination claims. Indeed, it is not even clear (based on the motion and responses) that plaintiff's claims can even be made in the employee/employer context.[1] Specifically, the plaintiff asserts that *Byrd v. Richardson–Greenshields Securities, Inc.*, 552 So.2d 1099 (Fla.1989) created a legal duty to provide a work place free of sexual harassment. If true, such a duty impacts greatly on the state common law claims asserted here. These novel and complex issues of state law are better left to the state courts to decide. In addition, it is not clear from *Byrd* whether the claims for negligent hiring, supervision, and retention are barred by state workers' compensation laws. *Byrd, supra,* 552 So.2d at 1104.[2] Accordingly, because these claims are novel and complex, and because they would undoubtedly predominate over the federal claims in this case, the court will dismiss Counts IV–VIII of the complaint without prejudice.

Similarly, the claims for tortious sexual harassment and intentional infliction of emotional distress must be dismissed pursuant to the same analysis. The plaintiff argues that *Byrd* created a new common law cause of action for tortious sexual harassment. The defendant asserts that the language in *Byrd* is mere dicta. This court refuses to decide this novel and complex question of state law as it is precisely the type of issue which should be dismissed pursuant to 28 U.S.C. § 1367(c)(1).

The tort of intentional infliction of emotional distress clearly exists in Florida. It is not clear, however, that such an action has been applied in the employment/employer context with regard to claims involving sexual harassment. *Compare Byrd, supra,* with *Ponton v. Scarfone,* 468 So.2d 1009 (Fla.App. 2 Dist.1985). The legal question here is not whether the cause of action exists but what facts are sufficient to constitute a valid claim. Once again, the plaintiff asserts that *Byrd* has changed the law in this area. The plaintiff may be correct. Nonetheless, this claim and its relation to other state law claims creates novel and complex questions better entertained by the state courts. In addition, the court also finds that these questions would predominate over the federal claims in this case. Accordingly, the claim for intentional infliction of emotional distress will be dismissed pursuant to § 1367(c)(1) & (2).

The court declines in this case to exercise supplemental jurisdiction over plaintiff's state law claims. In some instances, it is not clear whether causes of action even exist. Where causes do exist, it is not always clear whether the claims apply in the employee/employer setting. On some claims which might be appropriate, it is not settled whether the workers' compensation exclusivity rule preempts the action. Moreover, the elements of most of the state claims which might be heard are completely unrelated to the federal claims at issue. These claims would predominate over the federal claims. Accordingly, upon the court's own motion, the state law claims (Counts IV—X) will be dismissed without prejudice.

The Court has reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED AND ADJUDGED** that the defendants' motion to dismiss be **DENIED.** The court, *sua sponte,* dismisses plaintiff's state law claims (Counts IV—X) pursuant to

1. The court wishes to reiterate that it makes no comment as to the viability of plaintiff's claims under state law. The discussion in the text is merely to illustrate the novel and complex nature of plaintiff's state law claims.

2. It appears, although this court does not hold, that the ruling that the exclusivity rule of workers' compensation statutes does not apply to sexual harassment laws was limited as such. It is unclear (to this court at least) whether the hold-

28 U.S.C. § 1367. This dismissal is without prejudice.[3]

**DONE AND ORDERED.**

ing applied to the claims for negligent hiring and retention.

**3.** The court directs counsel to 28 U.S.C. § 1367(d) which tolls the limitations period on these claims for thirty days so that the claims may be refiled in state court.