Jose Tavares **BORGES** and Louise C. Borges, Plaintiffs,

v.

**CITY OF WEST PALM BEACH, Mayor Nancy Graham and Officer Wendy Rickards, Defendants.**

No. 93–8373–CIV.

United States District Court, S.D. Florida.

Nov. 19, 1993.

Michael B. Small, Palm Beach, FL, for plaintiffs.

Patrick Brown, City Atty., City of West Palm Beach, Robert Rivas, Holland & Knight, West Palm Beach, FL, for defendants.

## OMNIBUS ORDER

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon (*i*) Plaintiff's Motion to Remand, (*ii*) Defendant's Motion to Dismiss, (*iii*) Plaintiff's Motion to Compel Responses to Discovery, and (*iv*) Defendant's Motion for Protective Order and for Temporary Stay of Further Discovery. Responses in opposition of each of these motions have been filed by the parties.

### Background

This case arises out of the arrest on November 20, 1992 of Plaintiff by police officers of the City of West Palm Beach (the "City"), and the publication of the arrest in the Palm Beach Post on December 6, 1992. According to Plaintiff's recitation of the facts as contained in the Complaint, on November 20, 1992, Plaintiff was inspecting his property in the "Northwood" area of West Palm Beach. While doing so, Plaintiff noticed a single female, not known to him, at a street corner. Believing the woman might be in distress, Plaintiff stopped his motor vehicle, and was approached by the woman. She came to the driver's side window of Plaintiff's car and propositioned Plaintiff to have sex with her for $25. Plaintiff drove away, but was arrested approximately seven blocks away by police officers (including Officer Wendy Rickards, who impersonated as the prostitute) for soliciting prostitution. Subsequently, an advertisement was placed in the Palm Beach Post naming Plaintiff as one of the arrestees for soliciting prostitutes. On February 18, 1993, Plaintiff was found not guilty by the County Court of Palm Beach County.

It is Plaintiff's contention that the arrest was without probable cause and that the publication was wrongful. Plaintiff's complaint contains two counts of violation of federal law (specifically, of 42 U.S.C. § 1983, for deprivation of Fifth and Fourteenth Amendment rights for the arrest (Count I) and for the publication (Count II)) and nine counts (Counts III through XI) based on state law. Counts V, VI, VIII, X and XI pertain to the arrest.[1] Counts III, IV, VII, IX and XI pertain to the publication of the arrest.[2]

### Motion to Remand

■ This Court has original jurisdiction over Plaintiff's § 1983 claims.[3] Counts I and II, then, are squarely within the jurisdiction of this Court and were properly removed

1. Count V alleges false arrest by the City and Police Officer Wendy Rickards; Count VI alleges malicious prosecution by Officer Rickards and the City; Count VIII alleges battery by the City; Count X alleges negligent training, supervision, etc. by the City; and Count XI alleges loss of consortium.

2. Counts III and IV allege libel and slander by the City and by Mayor Nancy Graham, respectively; Count VII alleges invasion of privacy by the City and Mayor Graham; Count IX alleges intentional infliction of emotional distress by Mayor Graham; and Count XI alleges loss of consortium.

3. This Court's jurisdiction is not exclusive, however. State courts have concurrent jurisdiction in § 1983 actions. 13B Wright, Miller & Cooper § 3573 (2d Ed.).

under 28 U.S.C. § 1441 as constituting a federal question.

■ As for Counts III through XI (state claims over which this Court does not have original jurisdiction), 28 U.S.C. § 1367(a)[4] confers to the district court supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This Court finds that the state claims pertaining to the a ·est and publication (Counts III through XI) "form part of the same case or controversy" as the § 1983 claims.

■ However, this Court declines to exercise supplemental jurisdiction over the state claims relating to the publication of the arrest (Counts III, IV, VII, IX and XI) in accordance with 28 U.S.C. § 1367(c)(1), which provides in pertinent part that the district courts may decline to exercise supplemental jurisdiction over a claim if "the claim raises a novel or complex issue of State law."[5]

■ A major issue in the midst of Plaintiff's state law claims of libel, slander, invasion of privacy, intentional infliction of emotional distress, and loss of consortium is the liability of government officials for publication of public information. Plaintiff relies on *Williams v. City of Minneola*, 575 So.2d 683 (Fla.App. 5 Dist.1991), which appears to affirm a cause of action based on malicious publication of public records. *Williams* itself appears to be a unique case, and whether and how this case will be extended to the facts of this case is a novel issue of state law best decided by a state court. See *Winn v. North American Philips Corp.* 826 F.Supp. 1424 (S.D.Fla.1993) (supplemental jurisdiction declined under § 1367(c) because novel claims that rely on plaintiff's reading of a state case is a matter better left to the state court to decide). The legal and policy considerations involved in the potential application of *Williams* to this case (the powers and immunities of municipal governments, privacy rights of citizens under state law, etc.) are precisely those that § 1367(c)(1) allows the district court to decline to adjudicate.[6]

## Motion to Dismiss

■ A motion to dismiss should not be granted unless the plaintiff can prove no set of facts in support of its claim entitling it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the Court must accept all of Plaintiff's allegations as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1976). Consideration of matters beyond the four corners of the complaint is improper. *Milburn v. United States*, 734 F.2d 762 (11th Cir.1984). Further, Fed.R.Civ.P. 8(a) re-

**4.** 28 U.S.C. § 1367 was newly adopted in 1990 as § 310 of the Judicial Improvement Act of 1990. It codifies the established doctrines of pendent and ancillary jurisdiction. 13 Wright, Miller & Cooper § 3567.3 (2d Ed.).

**5.** The decision whether to exercise pendent jurisdiction has traditionally been a matter within the district court's discretion. "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right ..." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Because § 1367 codifies pendent jurisdiction, "the elements of discretion is retained." *James v. Sun Glass Hut of California, Inc.*, 799 F.Supp. 1083, 1084 (D.Colo.1992). This Court recognizes, however, that under § 1367, there appears to be a strong presumption in favor of exercising supplemental jurisdiction. § 1367(a) grants the jurisdiction in mandatory terms ("shall have supplemental jurisdiction") and § 1367(c) sets forth specific and enumerated standards under which courts may decline juris-

diction. See also, Oakley, Recent Statutory Changes in the Law of Federal Jurisdiction and Venue: The Judicial Improvements Acts of 1988 and 1990, 1991, 24 U.C. Davis L.Rev. 735, 766–768.

**6.** The Court notes that in severing the case this Court has carefully balanced the goals of judicial economy and avoiding piecemeal litigation with notions of comity. In this particular case, the benefits of a consolidated case are outweighed by considerations of submitting unique and novel claims concerning government function and powers to state court determination. This is particularly so because this Court does not have a federal claim on the publication issue before it (see section on Motion to Dismiss below), and the bundle of state claims on the publication issue are in fact distinct from and require different elements of proof from the bundle of claims regarding the arrest, which remains before this Court.

quires only that a pleading setting forth a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

■ Defendant's Motion to Dismiss as to Count I[7] against the City of West Palm Beach is hereby DENIED. Plaintiffs allege in the Complaint that the City "pressured the officers to make arrests which were without probable cause" and "pressured the officers to disregard and ignore civil and constitutional rights of citizens ..." Complaint, ¶ 69 f and g. Such allegations regarding the City's official policy or sanctioning of such arrests set forth a § 1983 claim against the City and are sufficient to withstand a motion to dismiss. If there is indeed no factual support for such an allegation, a Summary Judgment Motion in accordance with Fed. R.Civ.P. 56 is the proper vehicle by which to challenge the claim.

■ Defendant's Motion to Dismiss as to Count I against Officer Rickards is hereby DENIED. Plaintiff alleges in the Complaint that Officer Rickards arrested Plaintiff "[w]ithout ascertaining the purpose of the Plaintiff's stop [of the car]". Complaint, ¶ 9. Although the magic words "objectively reasonable" are not used, Plaintiff's allegations regarding the circumstances of the arrest are sufficient to state a claim of Officer Rickard's deprivation of Plaintiff's rights by arresting Plaintiff without probable cause. A Motion for a More Definite Statement in accordance with Fed.R.Civ.P. 12(e) may be a more appropriate method of eliciting more particularized allegations as to lack of probable cause.

■ Defendant's Motion to Dismiss as to Count II[8] is hereby GRANTED. As clearly enunciated by the United States Supreme Court in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), publication which endangers a person's reputation is not cognizable as a § 1983 claim. A person's reputation is not a "liberty" or "property"

interest protected by the federal constitution. *Paul v. Davis*, 424 U.S. 693, 699, 96 S.Ct. 1155, 1159. However, Plaintiff relies on that portion of the opinion which states that a due process right may be invoked where a government's defamatory publication deprived a plaintiff of a right "vouchsafed to him by the [s]tate" and therefore protected under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1166. Plaintiff alleges that his rights of privacy and freedom from government intrusion vouchsafed to him by Article I, § 23 of the Florida Constitution have been violated.

Art. I, § 23 of the state constitution states in part, however, that the section "shall not be construed to limit the public's right of access to public records and meetings as provided by law." The Florida Supreme Court has found that by its specific wording, Art. I, § 23 "does not provide a right to privacy in public records." *Michel v. Douglas*, 464 So.2d 545, 546 (Fla.1985). See also, *Post–Newsweek Stations, Florida Inc. v. Doe*, 612 So.2d 549, 552 (Fla.1992) (The Florida Privacy Amendment does not "protect names and addresses contained in public records."); *Forsberg v. Housing Authority*, 455 So.2d 373 (Fla.1984) ("... section 23 specifically does not apply to public records ...").

■ Again, Plaintiff relies on *Williams v. City of Minneola*, 575 So.2d 683 to contend otherwise. Analyzing *Williams* solely for the purpose of assessing Plaintiff's federal claim, this Court finds that *Williams* may perhaps be cited for the proposition that Art. I, § 23 does not automatically immunize *tort liability* of those who "perhaps abusively or maliciously reveal [public] records to persons outside the agency which controls the records," but *Williams* does not create or recognize a previously non-existing *constitutional right* to privacy in public information. To conclude otherwise would fly in the face of the United States Supreme Court's analysis in *Paul v. Davis*, that the mere fact that a

7. Count One alleges violation of Plaintiff's Fourth and Fourteenth Amendment Rights under the color of state law in violation of 42 U.S.C. § 1983. This claim is essentially based on the arrest of Plaintiff without probable cause.

8. Count II alleges violation of Plaintiff's Fifth and Fourteenth Amendment Rights under the color of state law in violation of 42 U.S.C. § 1983. In essence it challenges the publication of an advertisement that published Plaintiff's name, age and city of residence in connection with the arrest at issue.

state official is the tortfeasor does not automatically render the action subject to constitutional analysis.

Defendant's Motion to Dismiss as to the state claims relating to the arrest, Counts V, VI, VIII, X, and XI is hereby GRANTED as to the City and to Defendants in their official capacities. Fla.Stat. § 768.-28(6)(a) provides that an action may not be instituted against the state unless a written claim is made to the appropriate entities *and* "the Department of Insurance or the appropriate agency denies the claim in writing." Section 768.28(6)(d) provides that "[t]he failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section." Although Plaintiff has certified that a notice was properly given to the State, a final disposition by the State has not occurred, nor have six months passed since Plaintiff gave notice. The decision to dismiss on this basis is "committed to the discretion of the district court," as is the decision to grant leave to amend when § 768.28 has been fulfilled. *Hattaway v. McMillian,* 903 F.2d 1440 (11th Cir.1990). This Court therefore dismisses Counts V, VI, VIII, X, and XI without prejudice as to the City and Defendants in their official capacities, and grants leave to amend the Complaint. Defendant may then resubmit its motion to dismiss, reflecting the State's final disposition of the claims and this Order.

As for Counts V, VI, and XI against the Defendants in their individual capacities (Counts VIII and X are against the City only), the Court DEFERS RULING, and will consider them upon a resubmitted motion to dismiss.

### Conclusion

The Court has considered the motions and other pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's Motion to Remand is GRANTED IN PART and DENIED IN PART. Counts III, IV, VII, IX shall be REMANDED to state court, as well as Count XI, as it relates to the other remanded claims. This Court retains jurisdiction over the other claims.

2. Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Count II is hereby DISMISSED with prejudice. Counts V, VI, VIII, X, and XI are DISMISSED without prejudice.

3. Plaintiff's Motion to Compel is GRANTED. Defendant SHALL answer the interrogatories dated June 21, 1993 and July 6, 1993 within twenty (20) days from the date herein.

4. Defendant's Motion for Protective Order and for Temporary Stay of Further Discovery is DENIED as MOOT.

DONE AND ORDERED.