Richard E. BUNGER and Reb Oil
of Florida, Inc., Plaintiffs,

v.

Jack HARTMAN and Texaco,
Inc., Defendants.

No. 91–14199–CIV.

United States District Court,
S.D. Florida.

March 10, 1994.

Roy W. Jordan, Jr., West Palm Beach, FL, Jeffrey J. Harmon, Cors & Bassett, Cincinnati, OH, for plaintiffs.

Jordan I. Fields, Fields & Wilkinson, Stuart, FL, for Hartman.

Douglas M. Halsey, Miami, FL, for Texaco.

## *ORDER ON MOTION TO DISMISS*

PAINE, District Judge.

### Background

This case arises out of the widespread contamination of property located at 728 North Federal Highway in Stuart, Florida. According to the Plaintiffs, Richard E. Bunger and REB Oil of Florida, Inc., Defendant Texaco, Inc. ("Texaco") leased the property from 1965 to 1984 and operated a gasoline service station and bulk petroleum storage facility for the wholesale distribution of petroleum products. Texaco assigned its lease in 1984 to Defendant Jack M. Hartman ("Hartman") who then assigned it to the Plaintiffs. During this period, the Defendants allegedly dumped and spilled petroleum and other products which ultimately migrated through the underlying soil and groundwater.

In 1988, the Plaintiffs first discovered the contamination and reported it to the Florida Department of Environmental Regulation ("DER"). The DER, in turn, required the Plaintiffs to conduct tests and prepare a Contamination Assessment Report (the "Report"), which revealed extensive contamination of the soils and groundwater on the property.

In their initial Complaint, the Plaintiffs sought recovery costs incurred in conducting tests, preparation of the Report, as well as future costs related to remediation of the property. The court dismissed the Plaintiff's Complaint on two grounds: (1) that the Plaintiffs' only allegations of hazardous substances found on the site were substances derived from petroleum products that are not hazardous substances within the scope of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA" or "Act"), 42 U.S.C. §§ 9601–9657; and (2) the Plaintiffs' Complaint failed to claim compliance with the National Contingency Plan (the "Plan"), which must be alleged in a cost recovery action. *Bunger v. Hartman,* 797 F.Supp. 968, 971–73 (S.D.Fla. 1992).

The Plaintiffs thereafter filed an Amended Complaint, alleging various causes of action under CERCLA and common law. Texaco has filed the instant Motion to Dismiss Amended Complaint (DE 24). Having reviewed the record, the memoranda of counsel and relevant authorities, the court enters the following order.

### Motions to Dismiss: Legal Standard

■ Pre–Answer motions, such as a motion to dismiss for failure to state a claim or a motion for more definite statement, may raise two distinct issues: (1) whether the Plaintiff has stated his or her purported claim with sufficient detail; and (2) whether the claim as stated is recognized by law.

■ As to the first issue, that is, factual detail, the Federal Rules of Civil Procedure are very liberal. Rule 8(a) provides that the complaint need only contain "a short and plain statement of the claim...." "All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food & Commercial Workers Int'l Union, AFL–CIO, CLC,* 866 F.2d 1380, 1384 (11th Cir.1989) (collecting cases). The parties may, through discovery, inquire further into the details underlying the claim. *Bazal v. Belford Trucking Co.,* 442 F.Supp. 1089,

1102 (S.D.Fla.1977); *see generally* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).

As to the viability of a cause of action, the court must first accept all of the allegations in the complaint as true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Thomas v. Burlington Industries, Inc.,* 769 F.Supp. 368, 370 (S.D.Fla.1991). Consideration of matters beyond the four corners of the complaint is improper. *Milburn v. United States,* 734 F.2d 762 (11th Cir.1984); *Thomas,* 769 F.Supp. at 370. A motion to dismiss should not be granted unless the Plaintiff can prove no set of facts in support of his claim entitling him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Thus, a complaint may not be dismissed because the Plaintiff's claims do not support the legal theories on which he relies because the court must determine if the allegations form a basis for relief on any possible theory. *See Robertson v. Johnston,* 376 F.2d 43 (5th Cir.1967).[1]

### CERCLA Claims

Congress enacted the CERCLA to "provide for liability, compensation, cleanup, and emergency response for hazardous substances released into the environment and the cleanup of inactive hazardous waste disposal sites." Pub.L. No. 96–510, 94 Stat. 2767 (1980). In furtherance of these objectives, a bifurcated mechanism was created to promote the cleanup of waste sites, spills and hazardous substances released into the environment: The federal government was empowered to respond to environmental hazards through the creation of Superfund, 42 U.S.C. §§ 9604–05, 9611–12, while private parties were permitted to institute actions to recover "response costs" for the cleanup of sites from those responsible for the hazard, 42 U.S.C. § 9607(a).

The present motion does not present a challenge to the Plaintiffs' standing to bring this action; rather, dismissal of the Amended Complaint is sought because of two alleged pleading deficiencies. First, Texaco argues that CERCLA does not apply since "hazardous substances" are not involved in this matter. Second, Texaco contends that the Plaintiffs' Amended Complaint is deficient as they still have failed to allege consistency with the Plan.

A private party must prove four elements before they can prevail in a cost recovery action: (1) the site where the "hazardous substance" is found is a "facility," as per CERCLA's definition of that term, 42 U.S.C. § 9601(9); (2) there has been a "release" or "threatened release" of a "hazardous substance" from the facility, 42 U.S.C. § 9607(a)(4); (3) the "release" or "threatened release" has caused the private party to incur "response costs" that were "necessary" and "consistent with the national contingency plan," 42 U.S.C. § 9607(a)(4)(A) and (B); and (4) the Defendants fall within one the four classes of parties subject to the liability under the Act. *3550 Stevens Creek Assocs. v. Barclays Bank,* 915 F.2d 1355, 1358 (9th Cir.1990), *cert. denied,* 500 U.S. 917, 111 S.Ct. 2014, 114 L.Ed.2d 101 (1991); *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1152 (9th Cir.1989).

In viewing all allegations as true, the court finds that the Plaintiffs' Amended Complaint adequately states causes of action under CERCLA. In paragraph 45 of the Amended Complaint, the Plaintiffs allege that the Report "revealed significant groundwater contamination on the Property due to elevated levels of hazardous substances including methylene chloride that, on information and belief, Defendants Texaco and Hartman discharged, deposited, injected, spilled, leaked, or otherwise disposed on the Property." The Plaintiffs further allege that the property is a facility as defined in 42 U.S.C. § 9601(9), and the Defendants were operators of the facility, as defined in 42 U.S.C. § 9601(20)(A), at the time of the disposal and release of hazardous substances. The Plaintiffs also claim to have incurred the necessary response costs consistent with the Plan

---

1. The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

because of the contamination. Thus, the court shall not dismiss the Plaintiffs' federal causes of action under CERCLA raised in the Amended Complaint.

### Common Law Claims

In addition to the federal claims under CERCLA, the Plaintiffs have brought several common law claims in their Amended Complaint against the Defendants (Counts VII–XXII). These claims include breach of fiduciary duty, misrepresentation, negligence, trespass, strict liability, public nuisance, nuisance, contribution, and equitable subrogation. Texaco has moved to dismiss the common law claims either because the Amended Complaint fails to state a claim or because Florida law does not recognize the stated causes of action. The court, however, initially shall determine whether supplement jurisdiction should be exercised over the common law claims in this case. *Winn v. North American Philips Corp.*, 826 F.Supp. 1424, 1425 (S.D.Fla.1993).

■ Formerly, under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court set forth the analysis for determination of pendent jurisdiction. "Under *Gibbs*, it is within the district court's discretion to exercise pendent jurisdiction over state law claims if the court has jurisdiction over a substantial federal claim and the federal and state law claims 'arise out of the same nucleus of operative facts and are of such a nature that a plaintiff would be expected to try them all in the same proceedings.'" *Edwards v. Okaloosa County*, 5 F.3d 1431, 1433 (11th Cir. 1993); *see Roper v. Edwards*, 815 F.2d 1474, 1477 (11th Cir.1987); *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 420 (11th Cir.1984). *Gibbs* "emphasized that 'pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.'" *Edwards*, 5 F.3d at 1433 (citations omitted). A district court should consider factors such as judicial economy, convenience, fairness, comity, whether state issues would predominate, and potential jury confusion. *Id.; Winn*, 826 F.Supp. at 1425.

The Judicial Improvements Act of 1990, codified in 28 U.S.C. § 1367, outlines district courts' supplemental jurisdiction over pendant or ancillary claims. Section 1367 provides in pertinent part that:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction ...

28 U.S.C. § 1367(c). "This 'new' test is not so different from the tests listed above. It seemingly incorporates issues of jury confusion and judicial economy previously discussed." *Winn*, 826 F.Supp. at 1424.

■ The court first observes that the common law claims in the Plaintiffs' Amended Complaint "are separate and distinct from the underlying federal claims which confer jurisdiction here." *Id.* "The above claims require completely different elements of proof than the federal claims ... These claims would tend to dominate this case and to obscure the importance of the underlying [environmental] claims." *Id.* at 1426. Given the different theories and the potential jury confusion, the case, in fact, likely would be severed, or at least set for separate trials, if all of the claims in the Amended Complaint remained in federal court. *See Kimberly–Clark Corp. v. James River Corp.*, 131 F.R.D. 607, 608–09 (N.D.Ga.1989).

The common law claims also raise novel and complex issues of state law. For example, the First District Court of Appeal of Florida had certified to the Florida Supreme Court the following question to be of great public importance: Should the common law doctrine of caveat emptor continue to apply to commercial real property transactions; and, if not, with what legal principles should it be replaced? *Haskell Co. v. Lane Co.*, 612 So.2d 669, 676 (Fla. 1st DCA), *rev. dismissed* 620 So.2d 762 (Fla.1993); *see also Futura Realty v. Lone Star Building Centers (Eastern), Inc.*, 578 So.2d 363 (Fla. 3d DCA), *review denied*, 591 So.2d 181 (Fla.1991). The resolution of this state law issue may impact on the viability of many of the common law claims in this case.

Significantly, the Plaintiffs have a pending action in the Circuit Court of the 19th Judicial Circuit, in and for Martin County, Florida against Texaco and other defendants that includes all of the above common law causes of action, along with a claim under Florida Statute § 817. As Texaco notes, "these questions of Florida law have been the subject of hundreds of pages of memoranda and several hours of debate before the state trial court where Plaintiffs *identical* claims have been pending for ... years." (DE 36 at 7). Moreover, pursuant to a stipulation between the Plaintiffs and Hartman, this court previously has severed and remanded the common law claims directed at Hartman in this case to the state court action. It certainly would be in the interest of judicial economy, convenience, and comity for the state court to hear the common law claims as to both Hartman and Texaco in that proceeding. In sum, applying Section 1367(c), the court concludes that supplemental jurisdiction should not be exercised over the common law claims in this case.

### Conclusion

In view of all the foregoing, it is hereby ORDERED and ADJUDGED that Texaco's Motion to Dismiss Amended Complaint (DE 24) is DENIED. However, the Plaintiffs' common law claims (Counts VII–XXII) are DISMISSED WITHOUT PREJUDICE pursuant to Section 1367.[2] The Defendants shall have eleven (11) days from the date of this order in which to answer the remaining claims in the Plaintiffs' Amended Complaint.

DONE and ORDERED.

---

2. Section 1367(d) tolls the limitation period on such claims for thirty days so that the claims may be refiled in state court. However, given the pendency of the parallel state court action, the limitation period should not be an issue in this instance.