In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 05-4006, 05-4010

WILLIAMS ELECTRONICS GAMES, INC., *et al.*,

*Plaintiffs-Appellants*,

*v.*

JAMES M. GARRITY, *et al.*,

*Defendants-Appellees*.

_____

Appeals from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 97 C 3743—**Mark R. Filip**, *Judge*.

_____

SUBMITTED OCTOBER 10, 2006—DECIDED MARCH 19, 2007

_____

Before POSNER, RIPPLE, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*. Williams, the manufacturer of *Mortal Kombat* and other video games, brought this suit for fraud and related misconduct against two of its components suppliers (and a salesman for one of them), charging them with having bribed one of Williams's buyers in violation of both federal and state law. The judge dismissed all the federal claims before or during trial. But he allowed several state law claims to go to the jury, which awarded Williams modest damages ($76,000) against Garrity on one of the claims (fraud) but rejected

the other claims and exonerated all the other defendants. The judge rejected Williams's equitable claims.

Williams appealed, and we held that while the judge had been right to dismiss the federal claims and most of the state-law claims, Williams was entitled to a new trial against the components suppliers on the state-law fraud charge because of error in the instructions, and also that Williams could seek by way of remedy against those defenses restitution in lieu of damages. 366 F.3d 569 (7th Cir. 2004).

The only basis of federal jurisdiction over Williams's state-law claims had been the federal supplemental jurisdiction, 28 U.S.C. § 1367, which allows federal courts to decide state-law claims that are outside the federal diversity jurisdiction if they are so closely related to the plaintiff's federal-law claims as to be in effect part of the same case. But on remand the district court, over Williams's protest, decided to relinquish supplemental jurisdiction of the remaining state-law fraud claim, and so dismissed the suit (which had shrunk to that single claim), of course without prejudice to Williams's refiling it in state court. Williams appeals the dismissal.

The criteria for declining to exercise supplemental jurisdiction are set forth in section 1367(c):

> (c) The district courts may decline to exercise supplemental jurisdiction . . . if—
>
>> (1) the claim raises a novel or complex issue of State law,
>>
>> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Although unremarked by the parties, subsection (c)(3) expressly authorizes the district judge to dismiss a supplemental claim when the federal claims have dropped out of the case, without his having to consider the criteria in subsections (1), (2), or (4). So if (3) is read literally, Williams's appeal is frivolous, since the federal claims had dropped out of the case when the district judge relinquished jurisdiction over the one remaining state-law claim. But it is unlikely that the statute was intended to grant a district judge *unreviewable* discretion to relinquish jurisdiction over a supplemental claim. Discretionary rulings are reviewable by appellate courts for abuse of discretion, and statutes generally are interpreted against a background of settled understandings, especially a statute as narrow as 28 U.S.C. § 1367, which is the antithesis of a comprehensive code that displaces all tacit understandings.

The supplemental claim in this case has been tried once in the federal district court and must be tried again, and it seems inefficient to conduct the second trial of the same case in a different court under different procedural and evidentiary rules that might require a reopening of pretrial discovery or other adjustments to the parties' pretrial preparations, thus delaying the outcome of the case and running up the expense of the litigation. The rationale of the supplemental jurisdiction is economy in litigation, and so a relinquishment of it that clearly disserved economy would be a candidate for reversal.

*Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994), identifies three situations in which jurisdiction over supplemental claims should be retained even though the federal claims have dropped out: where the statute of limitations would bar the refiling of the supplemental claims in state court (in fact section 1367(d) explicitly tolls the statute of limitations for 30 days after dismissal of a supplemental claim, to allow the plaintiff to refile the claim in state court without being time-barred; see *Edwards v. Okaloosa County*, 5 F.3d 1431, 1443 n. 1 (11th Cir. 1993) (per curiam)); where substantial federal judicial resources have already been expended on the resolution of the supplemental claims; and where it is obvious how the claims should be decided. See also *Miller Aviation v. Milwaukee County Board of Supervisors*, 273 F.3d 722, 731-32 (7th Cir. 2001); *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 55-56 (2d Cir. 2004); *Anglemyer v. Hamilton County Hospital*, 58 F.3d 533, 541 (10th Cir. 1995); *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284-85 (3d Cir. 1993); cf. *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999).

The second of these factors favors retention in this case, as we have already explained, but not the other two; and the second factor is attenuated by the fact that the case was assigned to a different district judge on remand. The judge identified several issues of unsettled state law that may decide the outcome of Williams's state-law claim, and this we know is an independent ground for relinquishing supplemental jurisdiction. 28 U.S.C. § 1367(c)(1). The fact that the federal claims are all gone is a further reason for relinquishment, § 1367(c)(3), as we know, though the judge did not mention it.

We are troubled, however, by the judge's invocation of a "presumption" in favor of relinquishing supplemental jurisdiction. A bit of history is helpful in understanding the presumption—and delimiting its scope. Section 1367, enacted in 1990, codifies, though with some changes, see, e.g., *ExxonMobil Corp. v. Allapattah Services, Inc.*, 125 S. Ct. 2611 (2005)—none affecting this case, however—the judge-made doctrines of pendent and ancillary jurisdiction. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1181-82 (7th Cir. 1993). The former refers to the situation in which a state-law claim is appended to the federal claim or claims that confer original jurisdiction on the federal courts, *id.*—and that is this case. The pendent-jurisdiction case law established, and section 1367, we held in *Brazinski*, did not disturb, 6 F.3d at 1182, the sensible presumption that if the federal claims drop out *before trial*, the district court should relinquish jurisdiction over the state-law claims. E.g., *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999). Substantial judicial and party resources will probably not have been expended on the litigation, and so the economies from retaining jurisdiction over the state-law claims will be slight.

That is in general rather than in every case, however, see, e.g., *CropLife America, Inc. v. City of Madison*, 432 F.3d 732, 733-34 (7th Cir. 2005); *Timm v. Mead Corp.*, *supra*, 32 F.3d at 277; *Brazinski v. Amoco Petroleum Additives Co.*, *supra*, 6 F.3d at 1182, which is why it's a presumption and not a rule. But even the presumption is inapplicable to this case. For while some of the federal claims (the Sherman Act claim and some of the RICO claims) did fall out of the case before trial, other RICO claims were tried, along with some of the state-law claims, though they were dismissed mid-way in the trial on the defendants' motion for directed verdict.

But it is clear from the district judge's detailed discussion that he would have reached the same result on proper grounds without reference to the presumption, instead relying on section 1367(c)(1) ("the claim raises a novel or complex issue of State law"—in fact, issues). Therefore his exercise of discretion, which was otherwise reasonable, was not fatally contaminated by the reference. The dismissal of the suit is therefore

AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*