NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted July 25, 2007[*]
Decided July 26, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-3677

| | |
|---|---|
| TAYR KILAAB AL GHASHIYAH, a/k/a JOHN ALBERT CASTEEL, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 03C839 |
| WISCONSIN PAROLE COMMISSION, *et al.,* *Defendants-Appellees.* | Lynn Adelman, *Judge.* |

**O R D E R**

Tayr Kilabb al Ghashiyah appeals the district court's grant of summary judgment on numerous civil rights claims that he brought under 42 U.S.C. § 1983. We affirm.

Al Ghashiyah and four co-plaintiffs, all inmates within the Wisconsin Department of Corrections ("WDOC"), brought numerous claims that, as relevant

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

for purposes of this appeal, fell into three categories. First, they alleged that the Wisconsin Parole Commission ("the Commission"), as a state agency, violated Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, by denying them parole and excluding them from prison programs because of their histories of drug or alcohol addiction. Second, al Ghashiyah individually alleged that Lieutenant John P. Grahl, Captain Bruce Muraski, and Captain Patricia L. Garro, all prison guards, impeded his access to the courts and committed the state-law tort of abuse of process by placing him in segregated disciplinary detention based on a report that they knew was false, and all with the intent of depriving him of access to his legal materials.[1] Al Ghashiyah further alleged that this lack of ready access caused him to lose three unspecified cases that he then had pending before the Court of Appeals of Wisconsin. Finally, al Ghashiyah brought four additional separate claims for relief based on purported violations of his rights to due process and equal protection. Specifically, he alleged that (1) inmate complaint examiners refused to process his prison grievance complaints because he refused to sign them with the name under which he is convicted, John Albert Casteel; (2) on separate occasions members of a prison disciplinary board impermissibly relied on allegedly fabricated evidence to find him guilty of violating various prison regulations; (3) the Commission failed to reinstate him to his job as prison barber and to reimburse him for back wages after purportedly being ordered to do so by state courts; and (4) several prison guards harassed him.

After the state filed a motion for summary judgment, the district court rejected all of al Ghashiyah's individual due-process and equal-protection claims. Specifically, the court determined that: (1) the inmate complaint examiners were absolutely immune from suit as an adjudicatory body; (2) al Ghashiyah had an adequate post-deprivation state remedy to challenge the prison disciplinary board's decisions; and (3) he failed to exhaust his remedies against the prison guards (against whom he claimed harassment) and the Commission (for its failure to reinstate him to his barber position) through the WDOC's written grievance procedure. However, the court allowed the ADA claim and al Ghashiyah's access-to-courts claim to proceed.

In November 2005 the state filed a second motion for summary judgment on

---

[1] In his complaint, al Ghashiyah also alleged that a prison guard named J.D. Smith acted with Lieutenant Grahl, Captain Muraski, and Captain Garro to restrict his access to the courts. The district court separately dismissed al Ghashiyah's claim as to Smith, a determination that al Ghashiyah does not challenge on appeal. Al Ghashiyah thus waives any argument as to the district court's decision regarding Smith, *see Williams v. REP Corp.,* 302 F.3d 660, 666 (7th Cir. 2002), and we accordingly will limit our examination of al Ghashiyah's access-to-courts claim to his allegations regarding Grahl, Muraski, and Garro.

these remaining claims. In addressing the ADA claim, the state argued that the plaintiffs were not disabled, and, in any case, were denied parole or excluded from prison programs for reasons other than their purported disabilities. As to al Ghashiyah, the state submitted documents reflecting that, on multiple occasions, he was denied parole and the chance to participate in prison programs because, among other reasons: he had not served sufficient time to be released on parole; his history of recidivism suggested that his release would constitute an unreasonable risk to the public; and his behavior and general attitude while incarcerated were deficient. In opposing al Ghashiyah's access-to-courts claim, the state argued that he failed to produce evidence that Lieutenant Grahl, Captain Muraski, or Captain Garro restricted his access to his legal materials, and submitted affidavits from the three guards in which they attested that they had not.

In response, al Ghashiyah argued that the decisions to deny him parole were based on information that was "constitutionally tainted and false." He also asserted in an attached affidavit that he knew from his "own personal experiences" that Lieutenant Grahl, Captain Muraski, and Captain Garro intended to hinder his access to his legal materials, and that their actions led to the dismissal of "three (3) important cases."

The district court granted the state's motion for summary judgment. The court ruled that al Ghashiyah and his co-plaintiffs failed to submit any evidence "to prove that any of them was a person with a disability who was otherwise qualified for parole release, and who was denied parole release solely due to an alleged disability." The court also rejected al Ghashiyah's access-to-courts claim on the ground that he failed to show that Lieutenant Grahl, Captain Muraski, or Captain Garro knew that al Ghashiyah was placed in disciplinary detention on false charges. The court, however, did not address whether Grahl, Muraski, or Garro committed abuse of process.

On appeal al Ghashiyah asks us to reverse the district court's actions on the ADA claim, the access-to-court and abuse-of-process claims, and his individual claims for violation of his rights to due process and equal protection. Because we review the district court's grant of summary judgment *de novo, see Johnson v. Doughty*, 433 F.3d 1001, 1009 (7th Cir. 2006), we may affirm on any basis supported by the record, *see EEOC v. Target Corp.*, 460 F.3d 946, 959 (7th Cir. 2006); *Hill v. Am. Gen. Fin., Inc.*, 218 F.3d 639, 642 (7th Cir. 2000). And in reviewing the record we examine whether the moving party—the state in this case—demonstrates that "there is no genuine issue as to any material fact" that it is entitled "to judgment as a matter of law," Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), construing all facts and drawing all reasonable inferences in favor of al Ghashiyah as the non-moving party, *see Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005).

We first address al Ghashiyah's ADA claim. Because al Ghashiyah's co-plaintiffs have not appealed, we examine his individual claim only. *See Am. Fed'n of Gov't Employees, Local 2119 v. Cohen*, 171 F.3d 460, 467 (7th Cir. 1999) ("'[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975))); *see also Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001) (stating that *pro se* litigants lack authority to represent the interests of other parties). As pertinent here, al Ghashiyah shoulders the burden of establishing that he has a disability, and that the Commission denied him parole or the opportunity to participate in other prison programs because of that disability. *See* 42 U.S.C. § 12132; *Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 606-07 (7th Cir. 2004); *Cassidy v. Ind. Dep't of Corrs.*, 199 F.3d 374, 375 (7th Cir. 2000). He asserts that he is disabled under the ADA due to his history of drug addiction, which, as he claimed in his complaint, "substantially limit[s] [his] judgment, ability to learn, ability to comprehend the long-range effects of [his] acts, and ability to maintain a stable social relationship."

As a threshold matter, al Ghashiyah has failed to produce any evidence to substantiate his allegation that his past drug addiction is a disability. Past drug addiction is protected under the ADA only when it "substantially limits one or more major life activities." 42 U.S.C. § 12102(2)(A)-(B); *see also* 28 C.F.R. §§ 35.104(1)(ii), (3), 35.131(a)(2); *Thompson v. Davis*, 295 F.3d 890, 896 (9th Cir. 2002). Although we may assume in this instance that "learning," "comprehending," and maintaining "stable social relationships" are major life activities, al Ghashiyah has produced no evidence, medical or otherwise, that his past addictions negatively affect these aspects of his life. *See Stein v. Ashcroft*, 284 F.3d 721, 726 (7th Cir. 2002) (rejecting claim that impairment limited plaintiff's major life activities because plaintiff failed to support claim with medical evidence); *Contreras v. Suncast Corp.*, 237 F.3d 756, 763 (7th Cir. 2001) (stating that it is plaintiff's burden on summary judgment to demonstrate he can "come up with evidence to show he could meet his ultimate burden of showing [a] . . . recognized disability"). Given the absence of evidence showing that al Ghashiyah qualified for ADA protection, the district court was correct to reject the claim on summary judgment. *See Anderson*, 477 U.S. at 252; *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) ("Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." (internal quotation marks and citation omitted)).

The district court also was correct to reject al Ghashiyah's access-to-courts claim, but for reasons other than those the court articulated. *See Target Corp.*, 460

F.3d at 959. For al Ghashiyah to proceed on this claim, he must produce evidence showing that Lieutenant Grahl, Captain Muraski, and Captain Garro hindered his ability to pursue either a nonfrivolous challenge to his conviction or sentence, or an arguable civil rights claim under 42 U.S.C. § 1983. *See Lewis v. Casey*, 518 U.S. 343, 352-54 & 353 n.3 (1996); *see also Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2002). At summary judgment al Ghashiyah submitted an affidavit in which he attested that, because of the prison guards' actions, he lost three "important" cases he then had pending before the Wisconsin appellate court. But he did not name these cases, provide the cases' docket numbers, or even describe the nature of his claims; in short, he produced no admissible evidence showing that the cases were not frivolous and fell within the category of actions (civil rights actions or attacks on his conviction or sentence) protected by the right to access courts. *See Lewis*, 518 U.S. at 352-54 & 353 n.3. Al Ghashiyah's access-to-courts claim thus fails as a matter of law. *See id.*; *see also Harbury*, 536 U.S. at 414-15. And because the district court properly rejected the claim, it did not err by not addressing al Ghashiyah's pendent state-law claim that Grahl, Muraski, and Garro committed abuse of process. *See* 28 U.S.C. § 1367(c)(3); *Williams Elec. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007).

Al Ghashiyah's remaining arguments warrant little discussion. The inmate complaint examiners are immune from suit. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993); *Walrath v. United States*, 35 F.3d 277, 281-82 (7th Cir. 1994); *cf. Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 521-22 (7th Cir. 2001). Al Ghashiyah's due-process claim against the members of the prison disciplinary board fails because he had an adequate post-deprivation state remedy to challenge the board's decisions in the form of a writ of *certiorari* from the state circuit court. *See Zinermon v. Burch*, 494 U.S. 113, 132 (1990); *Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996); *State v. Goulette*, 222 N.W.2d 622, 626 (Wis. 1974). Finally, the district court properly dismissed al Ghashiyah's claims against the guards for harassment and against the Commission for failing to reinstate him to his barber position; there is no evidence to support his bare assertion on appeal that prison guards kept him from satisfying WDOC's written grievance procedure before filing suit. *See* 42 U.S.C. § 1997e(a); Wis. Admin. Code DOC §§ 310.05, 310.07; *Dixon v. Page*, 291 F.3d 485, 489-91 (7th Cir. 2002); *see also Anderson*, 477 U.S. at 252; *Hammel*, 407 F.3d at 859.

AFFIRMED.