NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2011[*]
Decided December 20, 2011

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-1889

| | |
|---|---|
| GREGORY JOHNSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 10 C 4266 |
| MICHAEL RANDLE, et al., *Defendants-Appellees.* | Frederick J. Kapala, *Judge*. |

**O R D E R**

Gregory Johnson, a prisoner in Illinois, claims that his rights under federal and state law have been violated by the refusal of the defendants—all of them employees of the prison system—to make available more educational opportunities. The district court

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

dismissed the lawsuit at screening for failure to state a claim. *See* 28 U.S.C. § 1915A. Johnson appeals, and we affirm the judgment.

Because Johnson's complaint was dismissed at the pleading stage, we presume that his allegations are true and draw all inferences in his favor. *See Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011). Johnson was born in 1962. Upon entering the Illinois Department of Corrections in 1997, he was given a battery of educational and psychological evaluations and placed in a basic education program. Johnson was transferred to the Dixon Correctional Center two years later, and there he enrolled in the adult literacy program. In 2008, Johnson became concerned that he suffers from an undiagnosed learning disability and requested specialized testing. Although prison administrators permitted Johnson to participate in education programs, including courses to prepare him to obtain a GED, they declined to evaluate him for a learning disability and would not meet his demands for extra time to complete examinations and special equipment such as a dictionary with audible pronunciations. Special services, Johnson was told, are available only for inmates under the age of 21 because the prison system cannot afford to provide these services to inmates of all ages.

Johnson submitted a grievance complaining that this policy constitutes age discrimination, and when that step did not prove successful, he complained to the United States Department of Education that administrators at Dixon have been violating § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by rejecting his request for special assistance. The agency's Office of Civil Rights investigated Johnson's administrative complaint but concluded that it could not be substantiated.

Johnson then initiated this lawsuit in July 2010. In a 57-page amended complaint, he principally claims that the 16 defendants, most of them assigned to Dixon, failed to provide him with testing and accommodations for his potential learning disability. The defendants, he alleged, went so far as to remove a doctor's authorizing signature from his request for accommodations and to misrepresent to Department of Education investigators that his test scores in a GED-preparation course had been improving even without those accommodations. Their actions, he claims, violate his rights under the Eighth Amendment, the Americans with Disabilities Act, *see* 42 U.S.C. § 12133, the Rehabilitation Act, and Illinois law. (In his amended complaint Johnson also criticizes the quality of education he received from Chicago public schools from 1968 through 1978. No defendant is connected to the school system, and any possible claim arising during Johnson's school years is long expired. For those reasons we need not say more about Johnson's childhood schooling.)

In dismissing the action the district court reasoned that Johnson's amended complaint fails to state an Eighth Amendment claim because he does not allege that his

mental or physical well-being is threatened by the lack of better educational opportunities. The court further reasoned that Johnson fails to state claims under the ADA and the Rehabilitation Act because, by his own account, the defendants have not engaged in discrimination but instead applied evenly a policy limiting the types of educational benefits he desires to inmates under 21. Finally, the court declined to exercise supplemental jurisdiction, 28 U.S.C. § 1367, over Johnson's claims premised on Illinois statutes and regulations. On appeal, Johnson disagrees with each of these conclusions.

The district court did not err in dismissing Johnson's complaint. An inmate claiming a violation of the Eighth Amendment must allege that prison officials knew about but ignored conditions resulting "in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Johnson's allegations against the defendants, whether they be educational staff or top administrators, do not meet this standard. According to Johnson, the defendants have failed to test for and accommodate a suspected learning disability that is hindering his achievement in educational programs at Dixon. The Eighth Amendment, however, does not compel prison administrators to provide general educational programs for inmates. *See Rhodes*, 452 U.S. at 348; *Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981). *See also Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (concluding that inmate did not have constitutional right to participate in educational and substance-abuse programs); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982) ("There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment."). It follows, then, that refusing to take steps that might help Johnson exploit available programs could not violate the Eighth Amendment. *See Rhodes*, 452 U.S. at 348.

The district court also properly dismissed the ADA and Rehabilitation Act claims. Although these statutes apply to inmates of the Illinois Department of Corrections, *see Cutter v. Wilkinson*, 544 U.S. 709, 716 n.4 (2005); *Pa. Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998), *Cassidy v. Ind. Dep't of Corrs.*, 199 F.3d 374, 375 (7th Cir. 2000), a claimant must be a "qualified individual with a disability" to be entitled to their protections, 42 U.S.C. § 12132; 29 U.S.C. § 794; *Jackson v. City of Chicago*, 414 F.3d 806, 810–11 (7th Cir. 2005). To be qualified Johnson must meet "the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2); *Wisc. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 750 (7th Cir. 2006). Johnson wants special-education services that Dixon limits to inmates under the age of 21. Johnson turned 21 in 1983, so he is not qualified to participate in the special-education programs he seeks and therefore cannot claim violations of either statute. *See, e.g., Chapa v. Adams*, 168 F.3d 1036, 1039 (7th Cir. 1999) (concluding that drug abuser was not "otherwise qualified" for

substance-abuse program due to violent tendencies); *Sandison v. Mich. High Sch. Athletic Ass'n*, 64 F.3d 1026, 1034, 1036–37 (6th Cir. 1995) (concluding, in case under Rehabilitation Act and ADA, that students over the age of 18 with learning disabilities were not "otherwise qualified" to participate in high school athletic programs because the age limit was 18); *Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 929–31 (8th Cir. 1994) (same).

Finally, Johnson claims that the defendants' refusal to provide him with disability testing and greater educational assistance violates Illinois statutes and prison regulations. Yet the district court, having disposed of Johnson's federal claims, acted within its discretion in declining to exercise supplemental jurisdiction over his state-law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1866 (2009); *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007).

We have reviewed the additional contentions included in Johnson's appellate brief and conclude that none has merit.

AFFIRMED.