NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided May 9, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1025

| | |
|---|---|
| LARRY MARTIN, | Appeal from the United States District |
| *Plaintiff–Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10-cv-2281 |
| ROBERT GONZALEZ, et al., | |
| *Defendants–Appellees.* | Suzanne B. Conlon, *Judge.* |

**O R D E R**

Larry Martin appeals the grant of summary judgment for Chicago police officers Robert Gonzalez and Brian Bolton in his suit under 42 U.S.C. § 1983, asserting false arrest, failure to intervene, and malicious prosecution. We affirm.

Martin and a friend were drinking outside a liquor store when they were approached by Officers Gonzalez and Bolton. The officers ran a name check on Martin—which came back clean—but an argument with one of the officers about his date

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

of birth escalated into his being arrested for drinking in public. *See* CHI., ILL., MUN. CODE § 8-4-030. Martin denied drinking alcohol; the officers swore in affidavits that he was. Martin also admitted that he had been smoking marijuana all day and, according to the officers, had bloodshot eyes, slurred speech, and an odor of burnt cannabis. The state's case against Martin was non-suited, and he then brought this § 1983 suit in federal court.

The officers moved for summary judgment. They admitted that there was a disagreement about whether Martin was drinking alcohol when they arrested him, but they downplayed that fact as not material because Martin's appearance and odor of marijuana supplied probable cause to arrest him for disorderly conduct. *See* CHI., ILL., MUN. CODE § 8-4-010(h). The officers maintained that the existence of probable cause to arrest Martin for any offense, even other than the offense for which he was arrested, defeated his claim that the arrest was unlawful.

The district court granted summary judgment for the officers. The court deemed the officers' facts admitted—including their assertions that Martin smelled of marijuana and had slurred speech and bloodshot eyes—because Martin failed to respond to their proposed statement of facts, in violation of the court's local rule. *See* N.D. ILL. LOC. R. 56.1(b)(3)(B). The court thus accepted the officers' explanation that the odor and Martin's appearance supplied them with probable cause to arrest him for disorderly conduct. Even though he was charged with drinking in public, the court explained, the existence of probable cause to arrest him for any offense barred his claims under § 1983 for false arrest and failure to intervene. Having disposed of Martin's federal claims, the court declined to exercise its pendent jurisdiction over his state-law claim of malicious prosecution and dismissed it without prejudice.

Martin then moved to alter the judgment, *see* FED. R. CIV. P. 59(e), questioning the court's probable-cause analysis and asserting that the court should have accepted his statement of facts. The court denied his motion, explaining that a direct appeal—and not a Rule 59(e) motion—was the proper avenue to challenge the court's judgment.

On appeal Martin argues generally that the district court improperly relied on the officers' version of the events and disregarded his. But Martin does not contest the court's reason for discounting his factual response: The court accepted the officers' facts as admitted because he did not follow the court's Local Rule 56.1(b)(3)(B), which instructs the party opposing summary judgment to respond to each numbered paragraph in the moving party's statement of facts. District courts have broad discretion to enforce local rules governing summary judgment, including specifically Rule 56.1(b)(3)(B). *See, e.g., Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809–10 (7th Cir. 2005); *Ammons v. Aramark*

*Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Smith v. Lanz*, 321 F.3d 680, 682–83 & n.2 (7th Cir. 2003). The district court here did not abuse its discretion when it concluded that Martin failed to respond to the officers' statement of facts and thus deemed their facts admitted.

Martin also challenges the district court's determination that his arrest was lawful based on probable cause that he was violating the disorderly-conduct ordinance. He insists that because he was arrested for drinking in public, the officers needed probable cause to believe he was committing that specific offense and not any other offense, including disorderly conduct.

Given the facts as the court accepted them, the court correctly granted summary judgment for the officers. Probable cause, even for a violation other than the one charged, is a complete defense to a claim of false arrest. *See Devenpeck v. Alford*, 543 U.S. 146, 153–55 (2004); *Thayer v. Chiczewski*, 705 F.3d 237, 246–47 (7th Cir. 2012); *Williams v. Rodriguez*, 509 F.3d 392, 398–99 (7th Cir. 2007). Though the suit against Martin for drinking in public was dropped, his arrest was lawful if the officers reasonably believed that he was violating any law or ordinance. *See Thayer*, 705 F.3d at 248–49; *Williams*, 509 F.3d at 399. Here the court correctly concluded that the odor of burnt cannabis and Martin's intoxicated appearance, as described by the officers, could reasonably have led them to believe he was "in [a] public place manifestly under the influence of . . . [a] drug" in violation of Chicago's disorderly-conduct ordinance. *See People v. Kolichman*, 578 N.E.2d 569, 574 (Ill. Ct. App. 1991) (affirming probable cause determination for arrest of "staggering and drooling" defendant for violating earlier version of disorderly-conduct ordinance). And because the arrest was lawful, Officer Bolton had no duty to intervene and stop it. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005); *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004).

Martin has not challenged the district court's decision to decline to exercise jurisdiction over his malicious-prosecution claim. In any event, a district court should relinquish its pendent jurisdiction over the state-law claims in a lawsuit when all federal claims have dropped out, as was the case here. *See* 28 U.S.C. § 1367(c)(3); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008); *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906–07 (7th Cir. 2007).

**A**FFIRMED.